UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

           Plaintiff,

v.

Jerome Toyer,

           Defendant.

Case No. 3:17-cr-55

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION AND BACKGROUND

Defendant Jerome Toyer seeks an order granting him compassionate release under 18 U.S.C. § 3582(c)(1)(A), as well as the appointment of counsel to assist him. (Doc. No. 736). Defendant argues the presence of Covid-19 within his institution, FCI Terre Haute, along with his pre-existing health conditions, constitute extraordinary and compelling reasons to justify appointment of counsel and the reduction of his sentence. (*Id.* at 2-3). The government opposes Toyer's motion, arguing that while he has complied with § 3582(c)'s exhaustion requirement, he has not met his burden of establishing he is entitled to a reduction of his sentence. (Doc. No. 749). The government also has filed a notice of supplemental authority, describing its position regarding recent Sixth Circuit caselaw. (Doc. No. 767).

In March 2017, a grand jury returned an indictment charging Toyer with one count of conspiracy to possess with the intent to distribute drugs in violation of 21 U.S.C. § 846, one count of

possession with the intent to distribute heroin in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(B), and two counts of using a telecommunications facility to facilitate a drug conspiracy in violation of 21 U.S.C. § 843(b). (Doc. No. 17). Toyer later pled guilty to the conspiracy charge and I sentenced him to 70 months in custody and a 5-year term of supervised release. (Doc. No. 668). The remaining charges were dismissed pursuant to a plea agreement. (Doc. Nos. 249 and 668). Toyer did not appeal.

Toyer was detained upon his arrest in this case and remained in jail until he was transferred to the custody of the Federal Bureau of Prisons ("BOP") on November 4, 2019. The BOP calculates Toyer's release date as February 26, 2022, after accounting for the time Toyer spent in custody prior to his sentencing date as well as his good conduct time. Doc. No. 736-1 at 2).

Toyer seeks compassionate release, asserting his age, race, and medical conditions place him at higher risk of serious illness or death if he contracts Covid-19. He states he is a 50-year-old African American male who is being treated for "Cardiac issues, Hypertension, Obesity, Diabet[es], and glaucoma." (Doc. No. 736 at 3). Toyer also states he has been diagnosed with chronic depression and bipolar disorder.[1] (*Id.*).

The government acknowledges Toyer has some medical conditions[2] which have been found to correspond with a higher risk of serious complications but contends he has not shown that a sentence reduction is warranted. (Doc. No. 749).

---

[1] Toyer previously denied having a history of mental health issues. (Doc. No. 359 at 24).

[2] BOP records appear to reflect that Toyer is considered obese because his body mass index ("BMI") exceeds 30, and that he suffers from hypertension. (Doc. No. 749-5). Those records, however, do not show Toyer has been diagnosed with diabetes. Further, the Centers for Disease Control have not identified glaucoma as a condition which places individuals at higher risk for serious complications from Covid-19.

## II.      ANALYSIS

Toyer first requests, under 18 U.S.C. § 3006(A), that an attorney be appointed to assist him with his request for compassionate release. (Doc. No. 736 at 1). There is no right to counsel in postconviction proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555-57 (1987), and Toyer has not shown the appointment of counsel is necessary to serve the interest of justice in this case. *See, e.g., United States v. Prater*, No. CR 7:15-11-DCR-3, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) ("There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582.") (citations omitted). Section 3006A does not entitle Toyer to counsel, as that section does not require that counsel be provided to assist a defendant with filing a motion for release. 18 U.S.C. § 3006A(a)(1)-(2). Therefore, I deny Toyer's request for counsel.

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Thus, § 3582(c) requires an inmate to request compassionate release from the warden of the institution at which the inmate is incarcerated. *See, e.g., United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). As the government notes, Toyer did not indicate in his motion whether he first had pursued his administrative remedies. BOP records show Toyer requests submitted a request to the warden's office for compassionate release on June 15, 2020, (Doc. No. 749-1), which was denied on July 23, 2020. (Doc. No. 749-2).

3

The government implies the warden's decision is entitled some weight in my consideration of Toyer's motion because the administrative process allows "the BOP to make a diligent and thorough review, with expertise concerning both the inmate and the conditions of confinement." (Doc. No. 749 at 2). Warden Lammer's pre-prepared and impersonal response, however, showed no diligence, thoroughness, or expertise. Instead, the Warden recited considerations concerning "inmates who have been diagnosed with a terminal, incurable disease . . . [or with] a disease or condition with an end-of-life trajectory . . . ." (Doc. No. 749-2 at 1). Four months into a crisis roiling BOP facilities nationwide, the Warden never mentioned Covid-19 or Attorney General Barr's directives concerning the increased use of compassionate release. (*See* Doc. Nos. 749-3 and 749-4). Administrative responses such as this one charitably can be described as, at most, unhelpful.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider whether all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Toyer contends his medical conditions, combined with the spread of Covid-19 within FCI Terre Haute, constitute extraordinary and compelling reasons and justify the reduction of his sentence. The government "concedes that given the current COVID-19 crisis[, Toyer] meets the statutory requirement to show extraordinary and compelling reasons for relief," though it also argues

4

the fact that Toyer previously contracted Covid-19 and did not suffer serious complications lessens the compelling nature of those reasons. (Doc. No. 749 at 7).

It is true "[m]any courts have held that[,] where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling." *United States v. Smith*, No. 17-CR-20753, 2020 WL 5440331, at *4 (E.D. Mich. Sept. 10, 2020) (citing cases). Given that this coronavirus is novel, however, there remain many unknowns, particularly in the area of future risk. There is not enough evidence to determine conclusively how long any potential immunity developed by a person infected with Covid-19 may last or whether the individual is less likely to experience severe complications if re-infected. Thus, the fact that Toyer contracted Covid-19 once does not mean his concerns have been mooted.

Even if Toyer has met his burden of showing extraordinary and compelling reasons, however, I conclude he fails to show a sentence reduction would be consistent with 18 U.S.C. § 3553(a). Toyer has been involved with the criminal justice system for his entire adult life, with 15 cases in which he was charged or convicted of an offense involving violence. He was on probation at the time he participated in the drug-trafficking conspiracy for which he currently is incarcerated. While the record indicates Toyer has demonstrated the ability to abide by institutional rules and avoid disciplinary citations, I conclude he has not shown that a reduced or modified sentence would be sufficient to comply with the § 3553(a) factors, including the nature and circumstances of the offense of conviction, his lengthy criminal history, and the need for the sentence imposed to deter him and others, to reflect the seriousness of the offense and to promote respect for the law.

### III.  CONCLUSION

For the reasons stated above, I conclude Toyer has not met his burden of demonstrating that a reduction or modification of his sentence would be consistent with applicable federal law.

5

Therefore, I deny his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and his request for the appointment of counsel. (Doc. No. 736).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
